**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION**

| | |
|---|---|
| CHARLES CALLAWAY | CIVIL ACTION NO. 24-1795 |
| VERSUS | JUDGE ALEXANDER C. VAN HOOK |
| CITY OF DERIDDER, ET AL. | MAGISTRATE JUDGE LEBLANC |

## <u>MEMORANDUM RULING</u>

Jayson Creech ("Creech"), a police officer for the City of DeRidder, arrested Charles Callaway ("Callaway") early one morning for several traffic offenses: driving while intoxicated, driving under suspension, open container, and improper lane usage. Callaway was a felon on probation at the time, and he was held in pre-trial detention at the Beauregard Parish Jail in the custody of Sheriff Mark Herford ("Sheriff Herford"). About nine months after his arrest, Callaway was released after a toxicology report showed that Callaway's blood alcohol content had been under the legal limit. This lawsuit followed. Creech and the City of DeRidder filed a motion arguing Callaway's complaint fails to state a plausible claim. Record Document 24. The Court agrees and dismisses all claims against them. Only the claims against Sheriff Herford survive.

### Background

At 1:14 in the morning on December 28, 2023, Creech stopped Callaway while driving in DeRidder, Louisiana for failing to signal a turn and improper lane usage. Record Document 1 at 3. Initially, Creech tried to conduct a standard field sobriety

test, but Callaway "could not perform," allegedly because of a health problem. *Id.* Callaway then consented to a breathalyzer test and blew 0.05% blood alcohol content, which fell below the legal limit of 0.08%. *Id.* Callaway also consented to a blood draw. *Id.* at 4. At the conclusion of the traffic stop, Callaway was arrested for his sixth offense of driving while intoxicated, driving under suspension, having an open container, and improper lane usage. *Id.*

Callaway was on felony probation at the time of his arrest. Record Document 1 at 4. According to Callaway, his probationary status meant that he was not eligible for bond because he had been arrested on new felony charges. *See id.* Callaway was detained at the Beauregard Parish Jail in the custody of Sheriff Herford. *Id.* at 5. In his complaint, Callaway alleged that unknown deputies at the Beauregard Parish Jail denied his request for prescribed medication. *Id.* Callaway said that without his medication he "suffered multiple strokes and lost [sight] in his left eye." *Id.*

At some point, the Southwest Louisiana Criminalistics Laboratory processed Callaway's blood draw and reported that he had a blood alcohol content of 0.048% with no other intoxicants present. Record Document 1 at 4. Callaway claimed that, despite this favorable blood analysis, he remained incarcerated for another nine months before the driving while intoxicated charge was dismissed and he was released. *Id.* at 5.

Callaway has filed a complaint and asserts claims under 42 U.S.C. § 1983 for violations of the Fourth and Fourteenth Amendments, and state law claims of false arrest, malicious prosecution, battery, and negligence, against the City of DeRidder,

Creech, Sheriff Herford, and "unknown deputies." Record Document 1. All claims against the "unknown defendants" have already been dismissed. Record Document 11. Now, the City of DeRidder and Creech have filed a motion for judgment on the pleadings for all claims against them. Record Document 24. Callaway has not opposed their motion. *See* Record Document 26 (setting the opposition deadline).

## Standard

Federal Rule of Civil Procedure 12(c) states that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." A motion for judgment on the pleadings "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002).

The standard for deciding a Rule 12(c) motion is the same as that for a Rule 12(b)(6) motion. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Courts accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff. *Midwest Feeders, Inc. v. Bank of Franklin*, 886 F.3d 507, 517 (5th Cir. 2018). A complaint, however, must contain "more than labels and conclusions" or a mere "formulaic recitation of the elements of a cause of action" to establish a plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If the complaint does not establish "more than the mere possibility of

misconduct," it cannot survive a motion for judgment on the pleadings. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## Analysis

The pending motion addresses only the claims Callaway has asserted against the City of DeRidder and Creech. Record Document 24-1 at 4. His claims against Sheriff Herford, however, are not before the Court. *See id.* As for the City of DeRidder and Creech, Callaway pleaded both federal and state causes of action, alleging violations of the Fourth and Fourteenth Amendment and state law claims of false arrest, malicious prosecution, battery, and negligence. Record Document 1.

### I. Fourth Amendment

Callaway's complaint articulated two theories for a purported Fourth Amendment violation. *See* Record Document 1 at 5, 7. First, he stated a claim for false arrest, alleging Creech did not have probable cause to arrest him for driving while intoxicated. Record Document 1 at 6. Second, he stated a claim for malicious prosecution, asserting Creech "commenced and continued" a prosecution for driving while intoxicated without probable cause. *Id.* at 7. The Court takes each claim in turn.

### A. False Arrest

To sufficiently plead a claim for false arrest, the plaintiff must allege "that [the arresting officers] did not have probable cause to arrest him." *Anokwuru v. City of Houston*, 990 F.3d 956, 963 (5th Cir. 2021). Probable cause exists when there are "facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances

4

shown, that the suspect has committed, is committing, or is about to commit an offense." *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979).

Callaway asserted in his complaint that Creech lacked probable cause to arrest him for driving while intoxicated. Record Document 1 at 4. According to Callaway, Creech should not have arrested him after his breathalyzer test returned a blood alcohol content that had been less than the legal limit. *Id.* Even taken as true and viewed in the most favorable light, Callaway's complaint did not dispel the existence of probable cause for his arrest.

The complaint on its face establishes probable cause for driving while intoxicated. Callaway admitted that Creech stopped him for failing to signal a turn and improper lane usage. Record Document 1 at 3. He also acknowledged in his complaint that he could not perform the standard field sobriety test. *Id.* And he conceded that Creech charged him with having an open alcohol container in his vehicle. *Id.* at 4. Even though the breathalyzer showed a blood alcohol content less than the legal limit, that does not dispel the other facts in Callaway's complaint that established probable cause for driving while intoxicated. *See, e.g., Jason v. Parish of Plaquemines*, No. 16-2728, 2016 WL 4623050 (E.D. La. Sept. 6, 2016) (negative breathalyzer result did not dispel probable cause).

Even if Creech lacked probable cause for driving while intoxicated, which the Court does not find, his false arrest claim fails for an alternative reason. The United States Court of Appeals for the Fifth Circuit has held that if probable cause exists for any of the charges, then probable cause exists for the arrest, and the claim for false

arrest fails. *Wells v. Bonner*, 45 F.3d 90, 96 (5th Cir. 1995). Here, Callaway has seemingly conceded that Creech had probable cause to arrest him for the remaining charges of driving under suspension, having an open container, and improper lane usage. *See* Record Document 1 at 4.

In his complaint, Callaway admits that he was stopped for failing to signal a turn and improper lane usage. *Id.* at 3. The complaint also states that Callaway was arrested for improper lane usage, driving under suspension, and having an open container. *Id.* at 4. Nowhere in the complaint does Callaway either allege the initial stop was improper or dispute that probable cause existed for the remaining traffic offenses. *See generally id.* As such, Callaway's complaint did not plead sufficient facts to show that Creech "did not have probable cause to arrest him" for the traffic violations. *Anokwuru*, 990 F.3d at 963. Creech is entitled to dismissal of the false arrest claim.

### B. Malicious Prosecution

To assert a malicious prosecution claim, the plaintiff must plead that an unlawful seizure occurred and satisfy six elements: "(1) the commencement or continuance of an original criminal proceeding; (2) its legal causation by the present defendant against plaintiff who was defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) malice; and (6) damages." *Armstrong v. Ashley*, 60 F.4th 262, 279 (5th Cir. 2023). Malice "exists when a charge is made with knowledge that it is false or with reckless disregard for the truth." *Phillips v. L. Brands Serv. Co.*, 82 F.4th 291,

302 (5th Cir. 2023). Malice may be inferred from a lack of probable cause. *Morin v. Caire*, 77 F.3d 116, 122 (5th Cir. 1996).

For his malicious prosecution claim, Callaway alleged that Creech instituted a criminal proceeding for driving while intoxicated without probable cause. Record Document 1 at 7. Although Creech charged Callaway with other offenses too, malicious prosecution claims are evaluated "charge by charge[,]" and a plaintiff "may succeed when a baseless charge is accompanied by a valid charge." *Chiaverini v. City of Napoleon*, 602 U.S. 556, 562 (2024). Because Callaway's complaint focused solely on driving while intoxicated, that is the only charge relevant for his malicious prosecution claim.

Here, as already explained, Callaway's complaint established that Creech had probable cause for driving while intoxicated. Callaway had been stopped for failing to signal a turn and improper lane usage, had been unable to complete a standard field sobriety test, and had an open alcohol container in his vehicle. Record Document 1 at 3-4. Because probable cause existed for driving while intoxicated, Callaway's malicious prosecution claim fails at the fourth element. *Thompson v. Clark*, 596 U.S. 36, 43 (2022) ("[T]he gravamen of the Fourth Amendment claim for malicious prosecution…is the wrongful initiation of charges without probable cause.").

## II. State Law Claims

Callaway asserted four state law causes of action against Creech: false arrest, malicious prosecution, battery, and negligence. Record Document 1 at 1. To begin, the Court's analysis of Callaway's constitutional claims applies with equal force to his

state law claims. *O'Dwyer v. Nelson*, 310 F. App'x 741, 745 n.4 (5th Cir. 2009) ("Because Fourth Amendment principles underpin Louisiana law relating to false arrests, the Fourth Amendment inquiry here is applicable to [plaintiff]'s federal and state law claims."); *Armstrong*, 60 F.4th at 279 ("[O]ur circuit ha[s] determined that the elements of the state-law tort of malicious prosecution and the elements of the constitutional tort of 'Fourth Amendment malicious prosecution' are coextensive."). Accordingly, for the same reasons stated above, Callaway's state law claims of false arrest and malicious prosecution are dismissed.

### A. Battery

In an introductory paragraph, Callaway pleaded that his complaint was a "lawsuit for damages resulting from…state law claims of…battery." Record Document 1 at 1. That is the only time battery is mentioned in the complaint, and Callaway otherwise never states any facts related to a "harmful or offensive contact with a person, resulting from an act intended to cause the plaintiff to suffer such a contact." *Caudle v. Betts*, 512 So. 2d 389, 391 (La. 1987). The complaint also does not identify any defendant who allegedly battered Callaway. The complaint's casual reference to "battery" in an introductory paragraph is precisely the kind of "labels and conclusions" that are insufficient. *Iqbal*, 556 U.S. at 678. Therefore, the state law claim of battery is dismissed.

### B. Negligence

Callaway also included a cause of action for negligence in his complaint. Record Document 1 at 9. He offered nothing more, however, than a formulaic recitation of

the elements of negligence. *Iqbal*, 556 U.S. at 678 ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do."). For example, Callaway said in his complaint that "Defendants owed a duty of care to Callaway, which was breach [sic] by Creech and Unknown Deputies directly, and Sheriff Herford and City of DeRidder vicariously." Record Document 1 at 9. He similarly stated that "Defendants were the cause-in-fact of the resulting harm." *Id.* Callaway proceeded through the remaining elements of a Louisiana negligence claim in that same fashion but never gave any factual support for his conclusory statements. *See Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995) ("Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."). Therefore, Callaway's negligence claim is dismissed.

### III. Vicarious Liability

In his complaint, Callaway did not assert any direct claims against the City of DeRidder and instead relied upon a theory of vicarious liability for the actions of its employee, Creech. Record Document 1 at 8. To start, vicarious liability is available for Louisiana state law claims. *See, e.g.*, *Stewart v. City of Lecompte*, No. 19-1343, 2020 WL 6193909, at *2 (W.D. La. Sept. 24, 2020) ("Louisiana state law imposes vicarious liability on a municipality for a false arrest or imprisonment by its police officers."). But because the Court found that the complaint did not adequately plead a state law cause of action against Creech, his employer, the City of DeRidder, cannot be held vicariously liable. As for Callaway's constitutional claims, municipalities, like City of DeRidder, are responsible only for their own illegal acts and not for those of

9

their employees. *Connick v. Thompson*, 563 U.S. 51, 61 (2011). Callaway's claims of vicarious liability against the City of DeRidder are, therefore, dismissed.

<strong>Conclusion</strong>

Callaway failed to state a claim upon which relief can be granted, and judgment on the pleadings is warranted. Accordingly, Callaway's causes of action against the City of DeRidder and Creech are DISMISSED WITH PREJUDICE. Only Callaway's claims against Sheriff Herford continue.

**DONE AND SIGNED** at Shreveport, Louisiana, this 23rd day of July, 2026.

_____

ALEXANDER C. VAN HOOK
UNITED STATES DISTRICT JUDGE
